UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS REESE,

          Plaintiff,

  v.

          Case No. 24-cv-688-pp

MICHAEL D. GOULEE, JORGE GOMEZ,
CRAIG MILLER, JEFFREY KREMERS,
WILLIAM HANRAHAN and JOHN T. WASIELEWSKI,

          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

      On June 3, 2024, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that multiple defendants, including judges and attorneys, caused the loss of the plaintiff's "God-given, un-alienable 2nd Amendment Right." Dkt. No. 1. The plaintiff asserts that he never would have pled guilty to a first-degree sexual assault of a child charge in 1993 had he known that he would lose his right to own a gun. Id. at 3. He alleges that several judges, assistant district attorneys and his own attorneys conspired to commit fraud by not telling him he would lose his Second Amendment rights. Id. at 2-9. As a result of the defendants' alleged actions, the plaintiff asserts that the 1993 judgment of conviction is void and entered without jurisdiction. Id. The plaintiff asks the court to invalidate his 1993 conviction and restore

1

"ALL" of his "God-given un-alienable rights/common law rights, that are protected by the U.S. Constitution and Wis. Const., including, but not limited to" his right to bear arms. Id. at 9.

This order addresses the plaintiff's motion for leave to proceed without prepaying the filing fee, screens the complaint and dismisses the case for failure to state a claim upon which a federal court can grant relief.

**I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that currently he is unemployed and that his total monthly wages or salary is $100, borrowed from family and friends. Dkt. 2 at 2. His monthly expenses include $54 in phone bills and $80 in child support, totaling $134. Id. at 1, 3. The plaintiff asserts that he has $0 in a Cash App account and does not have a house, car or any other property of value. Id. at 3-4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without prepaying the filing fee. The court advises the plaintiff, however that he still is responsible for

2

paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)).

## II. Screening the Complaint

### A. Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though their filings are construed liberally, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that

3

"'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B.   The Complaint

The plaintiff alleges that in January 1993 he pled guilty to first-degree sexual assault of a child, and that the twenty year sentence imposed by Judge Goulee "was withheld [and the plaintiff] was placed on probation for 5 years." Dkt. No. 1 at 2. After the plaintiff committed another offense, Judge Kremers revoked his probation and sentenced the plaintiff to seventeen years in prison. Id. The plaintiff says that he was released on May 6, 2008, "after wasting away for 11 years," and was discharged from parole on January 23, 2024. Id. He believes that he has "already paid his so-called debt." Id.

The plaintiff questions the validity of his plea agreement—signed in 1993—because he pled guilty to Wis. Stat. §948.02(1) (sexual assault of a child) rather than Wis. Stat. §941.29(1m)(1) (possession of a firearm) or a federal charge under 18 U.S.C. §922. Id. at 2, 4. He alleges that Judge Goulee, Assistant District Attorney Jorge Gomez and Attorney Craig Miller, who were present at his sentencing, committed fraud and violated various of his constitutional rights when they failed to inform him of all of the consequences of pleading guilty. Id. at 3. He argues that Judge Goulee never informed him

4

that he would be punished as a felon in possession even though he was not charged under that statute. Id.

With respect to the individual defendants, the plaintiff accuses Judge Goulee of failing to "faithfully and impartially" perform his duties. Id. at 4. The plaintiff questions whether Judge Goulee realized before he accepted the plaintiff's guilty plea that the plaintiff was being charged with sexual assault of a child rather than with being a felon in possession. Id. He further alleges that Craig Miller, his defense attorney, did not disclose that his attorney's oath required him to support the Constitutions of the United States and the State of Wisconsin. Id. at 5. The plaintiff believes that this was a conflict of interest, resulting in the loss of the plaintiff's Second, Fifth, Sixth and Fourteenth Amendment rights. Id. at 6.

The plaintiff suggests that treating him as a felon in possession when he never was tried that charge somehow constitutes a bill of attainder. Id. at 7. He alleges that the judges and other court officers "are engaged in practicing/enforcing an illegal rule/policy of 'unofficially' convicting and punishing labelled felons with crimes they were not 'officially' convicted of in violation of: 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986." Id. The plaintiff admits that during his re-sentencing, Judge Kremers stated, "[Y]ou have been convicted of a felony, therefore it is illegal for you to possess a firearm under any circumstances." Id at 7. He also admits that despite his discharge from parole certificate stating that he was "ONLY guilty of violating **948.02(1)**" the certificate also says

5

"***Firearms may not be used or possessed unless a pardon, which does not restrict possession of firearms, is received from the governor.***" Id. at 8 (emphasis in original).

The plaintiff asks this court to vacate his 1993 felony conviction. Id. at 9. He also asserts that this court should "restore all of [the plaintiff's] God-given, un-alienable rights/common law rights . . . including, but not limited to, [his] Second Amendment right to keep and bear arms." Id.

C. Analysis

The plaintiff is asking the court to invalidate a thirty-year-old state court conviction. This is not the first time that the plaintiff has filed a case in this district challenging his 1993 state court conviction under Wis. Stat. §948.02(1). In Reese v. Wisconsin DOC-SORP, the court dismissed the plaintiff's *habeas* petition at screening after finding that he had not stated a claim that was cognizable on review and could not satisfy the "in custody" requirement. Case No. 22-cv-502-pp, Dkt. No. 4 (E.D. Wis. Oct. 31, 2022). The court explained in that case that §2254 authorizes federal courts to entertain petitions for *habeas* relief by individuals who are "in custody pursuant to the judgment of a State court." 28 U.S.C. §2254. The plaintiff was not then—and is not now—in custody. The court dismissed the plaintiff's other *habeas* petition shortly thereafter, again because he was not in custody. Reese v. Sullivan and Boyer, Case No. 22-cv-282-pp, Dkt. No. 4 (E.D. Wis. Nov. 8, 2022).

Had the plaintiff filed a third *habeas* petition, there are additional hurdles that he would have had to overcome. He must first present his

constitutional claims to the state courts for consideration. 28 U.S.C. §§2254(b), (c). It does not appear he has taken such steps. And §2244(d)(1)(A) imposes a one-year statute of limitation to *habeas corpus* claims that begins to run when the judgment becomes final. 28 U.S.C. §2244. The plaintiff's state court judgment is over thirty years old.

Alternatively, the plaintiff asks the court to restore his rights. Under Wisconsin law, a person convicted of a felony cannot possess a firearm. Wis. Stat. §941.29(1m). As explained on the plaintiff's discharge certificate, dkt. no. 1 at 8, firearms rights may be restored by a governor's pardon. Wis. Stat. §941.29(5). Under Article V, Section 6 of the Wisconsin Constitution only the governor may pardon all offenses other than treason and impeachment. The application process is described in Wis. Stat. §304.10(1). The pardon application must include (1) a notice of application, (2) a certified copy of court records, (3) a sworn statement of facts and reason behind the application, and (4) a certificate from the prison. Wis. Stat. §304.10(1)(a)-(c).

Aside from the fact that the plaintiff's remedy for the deprivation of his Second Amendment rights is to ask the governor for a pardon, the plaintiff cannot sue the defendants he has named because they either are immune from suit or are not state actors. Judges Goulee and Kremers are "absolutely immune for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990). The only exception to absolute judicial immunity is where a judge acts in the absence of all jurisdiction. Polzin v. Gage, 636 F.3d 834,

7

838 (7th Cir. 2011) (citing Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006). Although the plaintiff asserts that the judges acted in the absence of jurisdiction, the only alleged actions taken by the judges were the acceptance of the plaintiff's guilty plea and the imposition of a sentence that resulted in the loss of the plaintiff's civil rights. State-court judges have jurisdiction to accept pleas and impose criminal sentences. Judges Goulee and Kremers are cloaked in absolute immunity and any errors must be addressed through the appellate process. Lewis v. Ludwig, Case No. 24-cv-1013-pp, 2024 WL 3887660 (E.D. Wis. Aug. 21, 2024) (citing Dawson v. Newman, 419 F.3d 656, 660–61 (7th Cir. 2005)).

Similarly, "[a] prosecutor enjoys absolute immunity from [§]1983 suits for damages when he acts within the scope of his prosecutorial duties." Imbler v. Pachtman, 424 U.S. 409, 420 (1976). The plaintiff alleges that the trial judges and assistant district attorneys Jorge Gomez and William Hanrahan worked together to take away his Second Amendment right by offering (and accepting) the plea agreement. Both district attorneys were acting within the scope of their prosecutorial duties by proffering a plea agreement. It is by operation of a state statute that the plaintiff can no longer possess a firearm. There are no allegations that the assistant district attorneys were acting outside the scope of their authority so the plaintiff has not stated a claim against them.

The plaintiff also sued his defense attorneys, Craig E. Miller and John T. Wasielewski, because they took an oath to uphold the Constitution and allegedly were ineffective in failing to disclose that he would lose his Second

8

Amendment rights. The plaintiff had an opportunity to file a direct appeal or a *habeas* petition alleging ineffective assistance of counsel. To the extent that he is suing his attorneys under §1983, that statute allows a person to sue a state official for violations of his constitutional rights; criminal defense attorneys are not state officials. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Because neither attorney was a state actor, the plaintiff's allegations against the two defense attorneys fail to state a claim for which relief may be granted.

The caption of the plaintiff's complaint includes the State of Wisconsin and the Milwaukee County Courthouse. The Clerk of Court did not include either as a named defendant on the docket. It appears that the plaintiff may have included them in the caption to identify the other defendants and provide their location. In any event, neither is a proper defendant. The State of Wisconsin is immune from suit, Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006); see also Mayhugh v. State, 364 Wis. 2d 208, 224 (Wis. 2015), and the courthouse is a building, not a state actor or a legal entity against which a person can bring suit.

The Seventh Circuit has instructed that a district court should give a plaintiff representing himself an opportunity to amend his complaint unless it is "certain that amendment would be futile or otherwise unwarranted." Zimmerman v. Bornick, 25 F.4th 491, 493-94 (7th Cir. 2022). Because the court finds that there are no grounds under which amending the complaint

9

would allow the court to overturn the plaintiff's more than thirty-year-old conviction or reinstate the plaintiff's Second Amendment rights, it would be futile to allow the plaintiff to amend the complaint. The court will dismiss the complaint for failure to state a claim upon which this court can grant relief. The plaintiff may do what the state statute allows him to do—he may seek a pardon from the governor.

## II. Conclusion

The court **GRANTS** the plaintiff's motion to proceeding without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** this case for failure to state a claim upon which this court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he/she should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he/she must file a motion *in this court.* See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**